# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

KRZYSZTOF F. WOLINSKI,

Plaintiff,

v.

LAUREN ELDRIDGE, et al.,

Defendants.

No. 2:19-CV-2037-JAM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Here, the Court finds Plaintiff fails to do so.  In particular, Plaintiff's complaint references a number of exhibits.  See ECF No. 1, pgs. 5, 6, 9, 10, 15, 16, 17, 18, 19, and 21.  Plaintiff does not, however, provide any of the referenced exhibits.  This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly.  Specifically, it is impossible for the Court to identify which exhibits upon which the complaint necessarily relies in evaluating the sufficiency of Plaintiff's allegations.  The complaint will be dismissed with leave to amend.  Plaintiff is cautioned that failure to file an amended complaint within the time specified herein may result in dismissal of the entire action.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated: March 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2