# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:19-CV-2037-JAM-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| LAUREN ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 28.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) Laura Eldridge, a warden at California Health Care Facility (CHCF); (2) M. Navarrow, a correctional lieutenant at CHCF; (3) K. Mim, an employee at CHCF; (4) P. Linehan, a correctional lieutenant at CHCF; (5) R. Nava, a correctional lieutenant at CHCF; (6) N. Lucca, correctional sergeant at CHCF; (7) Z. Barraza, a correctional sergeant at CHCF; (8) S. De Jesus, an appeals/grievances coordinator; (9) S. Richardson, an appeals/grievances coordinator; (10) D. Harms, a correctional officer at CHCF; (11) Gill, a residential nurse at CHCF; (12) R. Wall, an officer at CHCF; and (13) C. Tennis, an officer at CHCF. See ECF No. 28, pgs. 2-4. Plaintiff makes thirteen separate claims. See id. at 4-15.

First, Plaintiff claims that Defendant Gill retaliated against Plaintiff for reporting Defendant Gill to Defendant Gill's supervisor for misconduct. See id. at 4. According to Plaintiff, Defendant Gill filed a forged rule violation report (RVR) out of retaliation. See id. at 5. As a result, Plaintiff "suffered irreplaceable loss of his personal property," such as a boom box and CD player. See id.

Second, Plaintiff claims that Defendant Harms retaliated against Plaintiff for reporting Defendant Harms for "theft of Plaintiff's personal property." See id. at 8. Specifically, Plaintiff alleges Defendant Harms filed a forged RVR and battered Plaintiff out of retaliation. See id.

Third, Plaintiff claims that Defendant Harms used excessive force where Defendant Harms battered Plaintiff out of retaliation. See id.

///

2

Fourth, Plaintiff claims that Defendant De Jesus and Defendant Richardson violated Plaintiff's right to appeal out of retaliation for filing complaints against CHCF staff. See id. at 10.

Fifth, Plaintiff claims that Defendant Eldridge failed to investigate complaints and as a result Plaintiff suffered "systematic discrimination." See id. at 11.

Sixth, Plaintiff claims that Defendant Wall retaliated against Plaintiff by reporting Plaintiff for sexual harassment and by damaging and stealing Plaintiff's personal property. See id. at 12. Defendant Wall also allegedly retaliated against Plaintiff because Plaintiff reported Wall to his supervisor. See id.

Seventh, Plaintiff claims that Defendant Navarrow retaliated against Plaintiff by holding a hearing that was not impartial to protect other officers from Plaintiff's reports. See id. This claim is allegedly evidenced by the fact that Defendant Navarrow refused to admit certain testimony into evidence and by Navarrow's statement that "Officers are always right" and that Plaintiff should think about it before reporting an officer. See id. at 13.

Eighth, Plaintiff further claims that Defendant Navarrow denied Plaintiff his right to due process based on the facts above in Plaintiff's eighth claim. See id.

Nineth, Plaintiff claims that Defendant Nava violated his right to due process because Defendant Nava "refused to call in Plaintiff's eye-witnesses to testify" and "refused to hold a hearing." See id. at 7.

Tenth, Plaintiff claims that Defendant Linehan violated his right to due process because Defendant Linehan "refused to admit any evidence in mitigation of this [sic] false charges" and refused to hold a hearing at all except to advise Plaintiff that he was guilty. See id. at 9.

Eleventh, Plaintiff claims that Defendant Tennis retaliated against Plaintiff for filing a complaint against Defendant Harms. See id. at 14. Defendant Tennis pressured Plaintiff to withdraw his complaints. See id. When Plaintiff refused, Defendant Tennis would "harass" Plaintiff and "trash his room." See id.

///

Twelfth, Plaintiff makes a bald claims against Defendant Mim for violating his rights to due process. See id. at 13.

Thirteenth, Plaintiff states that Defendant Lucca submitted a false report. See id. at 6.

## II. DISCUSSION

The Court finds that Plaintiff's retaliation claims are cognizable as to Defendants Gill, Harms, Navarrow, Wall, De Jesus, Richardson, and Tennis. The Court also finds that Plaintiff's excessive force claim is cognizable against Defendant Harms. Additionally, the Court finds that Plaintiff's due process claims against Defendants Navarrow, Nava, and Linehan are cognizable. However, all claims against Defendants Eldridge, Mim, Lucca, and Barraza are not cognizable because Plaintiff has not established a causal connection to a constitutional or statutory violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

/ / /

/ / /

4

### A. **Defendant Eldridge**

Plaintiff's claim against Defendant Eldridge is defective because Plaintiff does not properly link an action that Defendant Eldridge took that led to a deprivation of Plaintiff's constitutional rights. Plaintiff seems to allege that Defendant Eldridge did not investigate complaints generally. Plaintiff should provide facts of how Defendant Eldridge violated Plaintiff's constitutional rights specifically.

### B. **Defendants Mim, Lucca, and Barraza**

Plaintiff's claims against Defendants Barraza, Lucca, and Mim are defective because Plaintiff provides insufficient facts as to the alleged wrongful acts. Defendant Barraza is not mentioned anywhere after Plaintiff lists the defendants. Defendants Lucca and Mim appear only once after Plaintiff names the Defendants. Defendant Lucca is alleged to have submitted a false report. See ECF No. 28, pg. 6. However, Plaintiff does not provide any more facts or allege anything else regarding Defendant Lucca. Defendant Mim's sole appearance is mentioned with a conclusory claim for violating rights to due process amongst four other Defendants. See id. at 13. Plaintiff does not allege any facts about Mim after this accusation. As to each named defendant, Plaintiff must allege which Defendant took what action that caused which specific constitutional violation.

Plaintiff should be made aware that there may be a page missing from his first amended complaint (see bottom of page 13 and top of page 14). Further, Plaintiff should note that he failed to attach any of the exhibits that he references.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An

amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  October 14, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE