IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:19-CV-02037-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| LAURA ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before this Court is Plaintiff's second amended complaint, ECF No. 51.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's second amended complaint.  See ECF No. 51. Plaintiff names the following as defendants: (1) Laura Eldridge, warden at California Health Care Facility (CHCF); (2) M. Navarro, correctional lieutenant at CHCF; (3) K. Mim, correctional lieutenant at CHCF; (4) P. Linehan, correctional lieutenant at CHCF; (5) R. Nava, correctional lieutenant at CHCF; (6) N. Lucca, correctional sergeant at CHCF; (7) Z. Barraza, correctional sergeant at CHCF; (8) S. De Jesus, appeals/grievances coordinator; (9) S. Richardson, appeals/grievances coordinator; (10) G. Gill, registered nurse; (11) D. Harms, correctional officer, (12) C. Tennis, correctional officer.  Id. at 2-5.

Plaintiff Wolinski is a prisoner at the California Health Care Facility in Stockton, California.  Id. at 2.  There, he was under the care of nurse Gill.  Id. at 6.  Wolinski received inadequate care from Gill, who sometimes denied Plaintiff his prescribed incontinence supplies. Id.  Wolinski reported Gill for her lack of care.  Id.

In retaliation, it is alleged that Gill maliciously lied and fabricated a rule violation report (RVR) around January 26, 2019.  Id.  Gill wanted to rid herself of Wolinski and have him moved to administrative segregation as punishment.  Id.  There is video evidence and witnesses supporting Wolinski's claim.  Id.

/ / /

/ / /

Sergeant Lucca spoke with Gill and decided to transfer Wolinski to administrative segregation. Id. at 7. Lucca refused to review video evidence or speak to witnesses. Id. Lucca also coerced statements from officers. Id. Wolinski was kept in administrative segregation for around five months until the Office of Inspector General and Internal Affairs became involved. Id.

Wolinski was then released from administrative segregation. Id. He was advised (it is unclear by whom) to appeal to have his credits restored and the RVR expunged. Id. Wilson did as advised, but appeals/grievance coordinator S. De Jesus allegedly manipulated the process and denied the appeal. Id.

About 45 days later, Wolinski had an RVR hearing with Lieutenant Nava. Id. at 8. The hearing lasted less than three minutes and Nava allegedly ignored regulations. Id. Wolinski was not allowed to submit evidence or call witnesses. Id. Nava found Wolinski guilty. Id.

On May 26, 2018, Officer D. Harms used his closed fist to strike Wolinski twice in the face. Id. at 10. Wolinski was thrown from his wheelchair onto the floor. Id. Officer Harms acted in retaliation for a report that had been made to his supervisor. Id. After an alarm was triggered, nursing staff and officers helped Wolinski back into his wheelchair. Id. Wolinski spoke about the incident with Lieutenant M. Banks, who confirmed Plaintiff's allegations and advised about previous victim inmates who suffered similar assaults from Harms. Id.

Wolinski filed a staff complaint against Harms for excessive use of force and battery. Id. The complaint was ultimately suppressed by De Jesus. Id.

One month later, Lieutenant P. Linehan found him guilty (presumably of an RVR for the altercation with Harms, though this is not specified in the complaint). Id. Linehan refused to allow Wolinski to admit evidence or call witnesses. Id.

The CHCF Grievance/Appeals Coordinators have refused to process Wolinski's filed staff complaints or 602 grievances. Id. at 13. Wolinski filed a writ of mandamus in California State Court. Id. However, interference from prison staff prevented Wolinski from litigating his grievances or the writ. Id. Wolinski was transferred to another prison and his legal

papers were confiscated so that he would be unable to pursue his claims. Id.

In retaliation for his attempts to litigate, Wolinski was deprived of several rehabilitative and educational programs provided by CDCR and deprived placement in better CDCR prison institutions. Id.

On March 16, 2020, Wolinski pressed his call light and requested nurse assistance to advise Officer R. Wall to enable Wolinski to go to groups that started at 8:00 a.m. Id. at 15. When Wall did not come, Wolinski re-requested assistance. Id. Wall ignored the requests, allegedly because he was watching pornography on the prison computers. Id. At around 8:15 a.m., Wall came by to release Wolinski. Id. at 16. Wall was irate and verbally abused Wolinski, saying he did not care about Wolinski's desire to attend groups. Id. By the time Wolinski made it to the room for groups, it was sealed. Id. Wolinski decided to go to the next group and waited around. Id. Wolinski was approached and asked what he was doing, and Wolinski explained. Id.

The prison's investigative services unit was called, and they took a report from Wolinski. Id. A sergeant and Lieutenant Navarro also interviewed Wolinski. Id.

Wolinski then went back to his unit. Id. Other inmates told Wolinski that Officer Wall had trashed his room. Id. Wolinski's air mattress, wrist brace, television set, and boom box were destroyed. Id.

Wolinski requested an investigation, and Navarro and a sergeant came by. Id. They refused to investigate but said "I know [Wall] fucked up." Id.

At some point (the complaint does not clarify when), Wall filed an RVR against Wolinski as a form of retaliation. Id. at 14. On April 10, 2020, Navarro held a hearing for the RVR and refused to allow Wolinski to admit evidence or call witnesses. Id. at 17.

Wolinski appealed, and the matter was reviewed by Warden Eldridge. Id. The appeal was converted into a grievance instead of processed as a staff complaint. Id. Eldridge ordered the RVR be reissued and reheard. Id.

The matter was reheard on May 26, 2020, by a different lieutenant. Id. The RVR was re-issued. Id. Wolinski alleges his due process rights were again violated, but he does not specify how they were violated. Id.

On July 1, 2020, Wolinski was found guilty of an RVR for possession of prescription medications and the RVR filed by Wall. Id. at 18. De Jesus again suppressed Wolinski's appeals. Id. Wolinski was unable submit to evidence or call witnesses. Id.

Eldridge refused to investigate or address staff complaints. Id. Eldridge denied Wolinski's grievance on June 1, 2020, without allowing Wolinski to present witnesses or evidence. Id. at 20. As an act of retaliation against Wolinski, Eldridge denied Wolinski endorsement to CHCF Stockton Prison, disregarding Wolinski's medical needs. Id. at 19.

On June 3, 2019, Wolinski and other inmates witnessed two inmates conspiring to stab a doctor. Id. at 21. Wolinski reported what he overheard. Id. Two weeks later, Barazza made an RVR about the incident. Id. Wolinski sent a letter to Eldridge complaining about retaliation, but Eldridge did not step in. Id.

On August 20, 2019, Barraza and Lieutenant Mim found Wolinski guilty of making a false report of a criminal offense. Id. at 22. After Wolinski asked if he was being denied his due process right to testify he was then allowed to call an inmate. Id. However, Mim hung up the phone before the inmate could testify. Id. Wolinski was disciplined and sent to "C" status. Id. Officers damaged Wolinski's property when packing his belongings. Id. After investigation by the Office of Internal Affairs, Wolinski's "C" status was revoked. Id.

Wolinski alleges C. Tennis destroyed his property in retaliation for his complaint against Harms. Id. at 25. Tennis also subjected Wolinski to strip searches. See id. Tennis also forged an RVR and Wolisnki was found guilty. Id. Appellate coordinators De Jesus and Richardson suppressed any appeal. Id.

On June 8, 2018, Linehan held a hearing for another forged RVR. Id. at 26. Linehan denied Wolisnky the opportunity to present evidence or call witnesses. Id.

///
///
///
///
///

## II. DISCUSSION

Plaintiff states cognizable retaliation claims against Defendants Lucca, Barazza, De Jesus, Richardson, Gill, Harms, Tennis and Eldridge. Plaintiff also states cognizable due process claims against Defendants Eldridge, Navarro, Mim, Linehan, Nava, De Jesus, and Richardson. Finally, Plaintiff states a cognizable excessive force claim against Defendant Harms. Plaintiff's complaint is insufficient, however, to sustain a supervisor liability claim against Eldridge or an Eighth Amendment claim against Tennis.

### A.   Supervisor Liability Claim

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

///

Wolinski alleges that Eldridge did not adequately supervise her staff, specifically in how they addressed RVRs. ECF No. 51 at 2. Mere inadequate supervision is insufficient to maintain a claim. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Wolinski is granted leave to amend his supervisor liability claim against Eldridge.

### B.     **Excessive Force Claim Against Defendant Tennis**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

7

between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Wolinski's complaint does not allege that Tennis physically injured him, only that Tennis destroyed his property. See ECF No. 51 at 25. An excessive force claim is only cognizable when an inmate suffers injury to his person. See Hudson, 503 U.S. at 7. Wolisnki is granted leave to amend this claim.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated: July 26, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE