IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:19-CV-2037-DAD-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LAURA ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions, ECF Nos. 59 and 60, for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
2  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,
3  however, issue an order against individuals who are not parties to the action.  See Zenith Radio
4  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking
5  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
6  prison renders the request for injunctive relief moot, unless there is some evidence of an
7  expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
8  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).
9         In the current motion, Plaintiff states that he is disabled and requests a Court order
10  directing the warden of the California Health Care Facility to provide him access to the "ADA
11  computer" in the prison law library.  See ECF Nos. 59 and 60.  The Court finds that injunctive
12  relief is not available.  First, Plaintiff has not demonstrated a likelihood of success on the merits
13  and, in this regard, the Court notes that Plaintiff has been granted leave to file a third amended
14  complaint.  Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm
15  absent an order directing the warden to provide him computer access.  To the extent Plaintiff
16  needs additional time to arrange for law library and computer access, the Court will accommodate
17  Plaintiff by granting additional time for good cause shown.
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Based on the foregoing, the undersigned recommends that Plaintiff's motions for injunctive relief, ECF Nos. 59 and 60, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 11, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE