IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>LAURA ELDRIDGE, et al.,<br><br>Defendants. | No. 2:19-CV-2037-DAD-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions, ECF Nos. 69 and 70, for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1   injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
2   interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Court cannot,
3   however, issue an order against individuals who are not parties to the action.  See Zenith Radio
4   Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking
5   injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
6   prison renders the request for injunctive relief moot, unless there is some evidence of an
7   expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
8   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

9           In his motions, Plaintiff seeks an order directing prison officials at the California
10  Medical Facility to grant Plaintiff access to the prison law library as a preferred user under the
11  Americans with Disabilities Act.  See e.g. ECF No. 69.  The Court finds that injunctive relief is
12  not warranted.  First, Plaintiff has not demonstrated a likelihood of success on the merits.
13  Notably, the Court has dismissed Plaintiff's original, first, and second amended complaints for
14  failure to state a claim upon which relief can be granted.  By separate order, the Court has granted
15  Plaintiff additional time to file a third amended complaint.  Until such time as a third amended
16  complaint is filed and deemed to contain cognizable claims, Plaintiff cannot establish any
17  likelihood of success on the merits.  Second, Plaintiff has not demonstrated how he will suffer an
18  irreparable injury absent Court intervention.  To the extent Plaintiff requires additional time due
19  to limited law library access, the Court will entertain request for additional time for good cause
20  shown.  Additionally, to the extent Plaintiff is asserting that prison officials are interfering with
21  his right to access the courts by way of limiting his law library privileges, Plaintiff is free to assert
22  such a claim in separate litigation upon a showing of actual injury.
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Based on the foregoing, the undersigned recommends that Plaintiff's motions for injunctive relief, ECF Nos. 69 and 70, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 14, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE