**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KRZYSZTOF F. WOLINSKI,

Plaintiff,

v.

LAURA ELDRIDGE, et al.,

Defendants.

No. 2:19-cv-2037-DAD-ICD-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to revoke Plaintiff's in forma pauperis (IFP) status, ECF No. 94.

The Prison Litigation Reform Act's (PLRA) "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding IFP unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190

(9th Cir. 2014).

## I. BACKGROUND

### A. Procedural History

On October 15, 2025, the Court found the Third Amended Complaint, ECF No. 82, to be timely and recommended that this action proceed on the Third Amended Complaint, ECF No. 84. The Court ordered service upon Defendants Eldridge, Navarro, Mim, Linehan, Nava, Lucca, Barraza, De Jesus, Richardson, Gill, Harms, and Tennis and recommended some Defendants be dismissed. ECF No. 85. On April 17, 2026, the findings and recommendations were adopted in full and the claim against Defendant Tennis for excessive use of force was dismissed without further leave to amend. ECF No. 97.

### B. Plaintiff's Allegations

Plaintiff alleges the below claims for retaliation, denial of Due Process, and excessive force. ECF No. 82. Only those claims which were identified as cognizable by the District Judge's April 17, 2026, order are discussed below.

1. Retaliation

Plaintiff alleges his constitutional rights were violated by Defendants Lucca, Gill, De Jesus, Richardson, Harms, Tennis, Barraza, and Eldridge because they retaliated against him for exercising his rights to report misconduct by prison officials. See ECF No. 82, pp. 6-24.

Plaintiff sues Defendant Lucca in his individual capacity. Plaintiff alleges Defendant Lucca was employed as a Correctional Officer. Defendant Lucca retaliated against plaintiff on January 26, 2019, by forging a Rules Violation Report (RVR) which claimed that Plaintiff committed Battery Assault on Defendant Gill, thereby giving prison officials cover to transfer Plaintiff to a different unit. Id. at 8. Defendant Lucca deliberately refused to review evidence that exonerated Plaintiff and instead issued the RVR. Id. at 9.

Plaintiff sues Defendant Gill, a Nurse in the prison Plaintiff was housed. Id. at 4. Plaintiff reported Defendant Gill to her supervisor for Defendant's lack of care in treating Plaintiff and her absences while she was spending time with another prison officer whom she was dating. Id. at 8. Defendant Gill retaliated against Plaintiff by assisting Defendant Lucca in drafting the falsified

January 2019 RVR which erroneously claimed Plaintiff had committed assault and battery against Defendant Gill. Id.

Plaintiff sues Defendants De Jesus and Richardson, Prison Grievances Coordinators in their individual capacities. Id. at 4. Defendants retaliated against Plaintiff because he had filed grievances against prison staff. Id. Plaintiff's grievances were suppressed, leaving Plaintiff unable to file subsequent actions, because they alleged staff misconduct. Id. at 6.

Plaintiff sues Defendant D. Harms, a Correctional Officer, in his individual capacity. Id. at 5. Defendant Harms falsified an RVR in an attempt to retaliate against Plaintiff for alleging Defendant Harms had unlawfully beat him and for Plaintiff's reports of sexual harassment. Id. at 5, 21.

Plaintiff sues Defendant Tennis, a Correctional Officer, in her official and individual capacity. Id. at 24. Defendant Tennis filed falsified RVRs, threatened to deny Plaintiff showers, and destroyed Plaintiff's air mattress in retaliation against Plaintiff for reporting sexual harassment. Id. at 22-24.

Plaintiff sues Defendant Barraza, a Correctional Officer, in his individual capacity. Defendant Barraza was responsible for conducting investigations of RVRs and filed a forged state misconduct report against Plaintiff in retaliation for Plaintiff filing complaints against staff. Id. at 16.

Plaintiff sues Defendant Eldridge, Acting Chief Deputy Warden and later Acting Warden, in her individual capacity. Defendant Eldridge failed to properly supervise Correctional Officers and retaliated against Plaintiff by refusing to act against the violations of Plaintiff's rights despite knowing of the on-going retaliation. Id. at 7, 8, 11, 21.

2. Due Process

Defendant Nava is sued in her individual capacity. Id. at 3. Defendant Nava is a Correctional Lieutenant responsible for conducting RVR hearings. Id. Defendant Nava refused to hold a suitable RVR hearing as required under State Prison regulations and refused to view exculpatory evidence. Id. at 9.

Defendant Navarro is sued in her individual capacity. Id. at 2. Defendant Navarro is a

Correctional Lieutenant responsible for conducting RVR hearings. Id. Defendant Navarro refused to hold a suitable RVR hearing as required under State Prison regulations and refused to view exculpatory evidence. Id. at 15.

Defendant Mim is sued in his individual capacity. Id. at 3. Defendant Mim is a Correctional Lieutenant responsible for conducting RVR hearings. Id. Defendant Mim refused to hold a suitable RVR hearing as required under State Prison regulations and refused to view exculpatory evidence. Id. at 18.

Defendant Linehan is sued in her individual capacity. Id. at 3. Defendant Linehan is a Correctional Lieutenant responsible for conducting RVR hearings. Id. On June 14, 2018, Defendant Linehan advised Plaintiff that he was found guilty of misconduct without an RVR hearing. Id. at 6.

Plaintiff sues Defendants De Jesus and Richardson, Prison Grievances Coordinators in their individual capacities. Id. at 4. Defendants denied Plaintiff Due Process because they suppressed Plaintiff's grievances without hearings, leaving Plaintiff unable to file subsequent actions. Id. at 6.

3. Excessive Force

Plaintiff sues Defendant Harms in his individual capacity. Id. at 5. On May 26, 2018, at approximately 17:00 hours, Defendant Harms committed assault and battery upon Plaintiff, apparently because Plaintiff had made a complaint against Defendant Harms. Id. at p. 6.

## II. DISCUSSION

In the pending motion, Defendants argue that Plaintiff is not entitled to proceed IFP in this action because he has had three or more prior actions dismissed for failure to state a claim or as frivolous and he was not in imminent danger of serious physical injury when he filed suit. See ECF No. 94-1. Defendants also request this Court stay the case and pending deadlines until this motion is resolved. See id. For the reasons discussed below, the Court agrees that Plaintiff's IFP should be revoked and that the stay request should be granted.

### A. Revocation of In Forma Pauperis Status

Plaintiff is a serial litigant who has filed at least five prior meritless or frivolous prisoner

complaints. See ECF No. 94-1. Plaintiff has not properly alleged he is in imminent danger, and he has failed to respond to Defendants' motion to revoke his IFP status. See ECF No. 94, 98. For these reasons, the PLRA dictates that Plaintiff may no longer proceed in forma pauperis. See Lomax v. Ortiz-Marquez, 590 U.S. 595, 599 (2020).

1. Prior Strikes

Defendants assert that because in Wolinski v. Allison the Plaintiff was found to be a "three-striker," he is precluded from proceeding IFP in the instant action. See ECF No. 94-1, p. 5. Defendants also request the Court take judicial notice of the Court's decisions in prior cases regarding Plaintiff's strikes and three-strike determinations. ECF No. 94-2. The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this Court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

The Court finds that Plaintiff has been recognized as a litigant with three or more prior strikes. See Wolinski v. Allison, Case No. 2:22-cv-0451-KJM-EFB (E.D. Cal. July 15, 2022).

2. Imminent Danger Exception

Defendants contend that the complaint in the current action did not indicate that Plaintiff was under imminent danger of serious physical injury at the time he initiated this action, nor at the time of filing the operative complaint on February 27, 2025. ECF No. 94-1, p. 6. According to Defendants:

> In the operative complaint, Plaintiff alleges only a single incident of assault and battery against Defendant Harms on May 26, 2018 which caused a physical injury, and aside from the initial incident, Plaintiff does not allege any continuing threat of serious physical injury by Defendant Harms. (ECF No. 82. at 6.) Further, Plaintiff's main contention regarding the alleged assault by Defendant Harms is that Plaintiff was 'falsely' accused of assaulting Defendant Harms and was issued a Rules Violation Report (RVR), not that Plaintiff experienced a physical injury or was subjected to an ongoing or immediate threat of serious harm. Additionally, CDCR's records show that Defendant Harms separated from the department on June 8, 2019, before the filing of initial complaint on October 11, 2019, and over five years before the filing of the operative complaint on February 27, 2025, eliminating any reasonable possibility of imminent danger from Defendant Harms at the time of filing.

ECF No. 94-1, p. 6.

The Court agrees. Defendant Harms is no longer employed by the California Department of Corrections and Rehabilitation nor is he an employee at California Health Care Facility – Stockton. ECF No. 94-3. The Court finds that Plaintiff cannot credibly claim to be under imminent danger if he is no longer in the custody of Defendant Harms. Based on the previous discussion, Plaintiff is ineligible for IFP under the PLRA.

**B. Stay of Action**

Pending before the Court is Defendants' motion to stay, ECF No. 94. Defendants' motion asks for a stay while the motion to revoke Plaintiff's IFP is pending and until Plaintiff has satisfied his payment of fees due to this Court. Id. The Court finds it appropriate that Defendants be relieved of their obligations to respond to the complaint until Plaintiff has resolved his fee status.

///

///

///

///

## III. CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status, ECF No. 94, be GRANTED.

2. Defendants' request for judicial notice, ECF No. 94, be GRANTED.

3. Defendants' motion to stay, ECF No. 94, be GRANTED and the time to respond to Plaintiff's amended complaint be extended to a date following resolution of Defendant's motion to revoke Plaintiff's in forma pauperis status, such deadline to be set by the assigned Magistrate Judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE